Joseph Liff, J.
In this action for a divorce the defendant seeks an order which would direct the plaintiff to pay all current taxes, arrears in taxes and tax liens on the former marital residence title to which is held by the parties as tenants by the entirety but which is occupied solely by plaintiff. In the circumstances of this case the court is without authority to grant the relief sought.
The parties were married in 1956. The defendant removed from the marital residence in 1967 and the parties continued to live separately and apart thereafter. Defendant sought no support from plaintiff and apparently was able to provide for herself. She shows no need for support at the present time. Her interest in the taxes on the property was reawakened when the plaintiff began this action for a divorce and she started another. She states that the plaintiff was to have paid the taxes and other charges on the dwelling and that he has combined with his sister to defeat defendant’s interest in the property by having his relative acquire tax liens and initiate proceedings *1053 to foreclose them. Defendant is endeavoring to nse the divorce action as a vehicle for compelling plaintiff to discharge the liens.
The relief which she seeks does not come within the power of the court in its discretion to provide for the support of the wife (Domestic Relations Law, § 236). In the absence of demonstrated necessity applications for temporary alimony “ should not he made or encouraged ” (Swinson v. Swinson, 29 A D 2d 693; see, also, De Jesu v. De Jesu, 32 A D 2d 808). Obviously the payment of tax liens for the past several years is not necessary for defendant’s current support.
Temporary alimony contemplates ‘ ‘ maintenance between the time of the application therefor and the trial ’ ’ and ordinarily she would not be entitled to recover living expenses paid prior to the institution of the action (Tobias v. Tobias, 33 A D 2d 666; see, also, Lewis v. Lewis, 22 A D 2d 860; Brody v. Brody, 3 A D 2d 992; 2 Foster-Freed, Law and the Family New York, § 21:2). The limitation on the court with respect to payments for claimed arrearages is also indicated by decisions which limit the retroactive application of the award to the date of the motion (cf. Light v. Light, 29 A D 2d 540).
The motion is denied.